UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20692

UNITED STATES OF AMERICA

vs.

MIGUEL ROSENFELD,

Defendant
_____/

## PLEA AGREEMENT

The United States of America and MIGUEL ROSENFELD (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to waive indictment and plead guilty to a one-count Information, which count charges the defendant with willfully making and subscribing a false U.S. Individual Income Tax Return by failing to declare all his income, on IRS Form 1040, for the calendar year 2007, thereby affirmatively asserting that he did not report all his income, in violation of Title 26, United States Code, Section 7206(1).

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). Defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court. Defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. Defendant is further aware and understands that the

1



court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that defendant may not withdraw ~~her~~ *his* plea solely as a result of the sentence imposed.

3. Defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to three (3) years, followed by a term of supervised release of up to one (1) year. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $100,000, or based on the pecuniary loss or gain, twice the gross gain or twice the gross loss, pursuant to 18, United States Code, Section 3571(d), and may order restitution pursuant to Title 18 U.S.C. § 3663A.

4. Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph three (3) of this agreement, a special assessment in the amount of $100, per count of conviction, will be imposed on defendant for a total of $100.00. Defendant agrees that the special assessment imposed shall be paid at the time of sentencing.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter the "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this

2

agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States and the defendant agrees that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

    a. <u>Base Offense Level</u>: Pursuant to Section 2T1.1(a)(1) referencing 2T4.1(a) of the Sentencing Guidelines, the base offense level in this matter is Level fourteen (14).

    b. <u>Sophisticated Means</u>: That defendant's fraudulent scheme did <u>not</u> involve sophisticated means as contemplated under Section 2T1.1(b)(2). Under Section 2B1.1(b)(2), therefore, defendant's offense level should not be increased.

    c. <u>Overall guideline range</u>: That the applicable guideline range under all of the circumstances of the offenses committed by the defendant is Level 14.

7. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to defendant's offenses, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States further agrees to recommend that defendant be



sentenced at the low end of the guideline range, as that range is determined by the court. The United States, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The Defendant agrees to:

(A) Fully cooperate with the Office and the Internal Revenue Service ("IRS") in its civil examination, determination, assessment, and collection of income taxes related to the Defendant's 2001 through 2007 income tax returns and any related corporate/entity tax returns, and further agrees not to conceal, transfer, or dissipate funds or property that could be used to satisfy such taxes, penalties, and interest. The Defendant agrees to provide the IRS any documentation in the Defendant's possession and/or control requested by the IRS in connection with its civil examination, determination, assessment, and collection of such income taxes prior to sentencing. The Defendant further knowingly and voluntarily agrees to waive any statute of limitations with respect to assessment and collection of the Defendant's individual and corporate/entity tax liabilities concerning tax years 2001 through 2007.

(B) Prepare and file accurate amended individual and corporate/entity income tax returns for the tax years 2001 through 2007. The Defendant additionally agrees to sign Closing Agreements with the IRS prior to the time of sentencing for the years 2001 through 2007. Further,

4

the Defendant will provide the IRS with information regarding the years covered by the Closing Agreements, and will pay prior to sentencing all additional taxes, penalties and interest assessed by the IRS, if any, as well as any additional amounts determined by the IRS. Nothing in this agreement shall limit the IRS in its civil determination, assessment, and collection of any taxes, interest, and/or penalties that the Defendant may owe.

(C) Acknowledge that any statement made by the Defendant to the IRS and/or in this agreement shall be admissible against the Defendant without any limitation in any civil or criminal proceeding and the Defendant stipulates to the authenticity and admissibility, in any civil or criminal proceeding, of any documents provided by the Defendant to the IRS. The Defendant hereby waives any protection afforded by Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Rules of Criminal Procedure with regard to any such statement or documentation. In the event that the Defendant withdraws from this agreement prior to pleading guilty and/or fails to fully comply with any of the terms of this agreement, the United States will, at its option, be released from its obligations under this agreement, but under no circumstances shall the Defendant be released from the agreements and waivers made by the Defendant in this and the preceding two paragraphs.

(D) Acknowledge that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the Defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period(s) covered by this agreement or any other time period.

9. Defendant understands that he is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to his particular liability.

10. Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

> IRS - RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

11. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make defendant's cooperation, or lack thereof, known to the court at the time of sentencing. If in the sole and unreviewable judgment of this Office defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentence calculated under the Sentencing Guidelines, this Office may at or before sentencing make a motion consistent with the intent of Section 5K1.1 of the Sentencing Guidelines prior to sentencing, or Rule 35 of the Federal Rules of Criminal Procedure subsequent to sentencing, reflecting that defendant has provided substantial assistance and recommending that defendant's sentence be reduced from the advisory sentence suggested by the Sentencing Guidelines. Defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file any such motion(s) and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of his cooperation shall be binding insofar as the appropriateness of this Office's filing of any such

6

motion is concerned.

12. Defendant is aware that Title 18, United States Code, Section 3742 normally affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), defendant shall be released from the above waiver of appellate rights. By signing this agreement, defendant acknowledges she has discussed the appeal waiver set forth in this agreement with her attorney. Defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

13. Defendant is aware that the sentence has not yet been determined by the court. Defendant also is aware that any estimate of the probable sentencing range or sentence that defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office, or the court. Defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the

recommendation in its entirety. Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw this plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the government, or a recommendation made jointly by both the defendant and the government.

14. This is the entire agreement and understanding between the United States and the defendant.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 11/2/16

*[signature]*
Michael R. Sherwin, AUSA

Date: 11/9/2016

*[signature]*
Benedict P. Kuehne, Defense Counsel

Date: 11/9/2016

*[signature]*
Miguel Rosenfeld